J-A13027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATEAGENT, LLC | : | No. 1766 EDA 2018 |

Appeal from the Order Entered May 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0006134-2017

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED June 21, 2021**

The Commonwealth appeals from the Order granting a private detective license to Stateagent, LLC ("Appellee"), an agency owned and operated by Lamont Hudson, a licensed private detective.  The Commonwealth asserts that the trial court erred in granting Appellee a private detective license because Appellee did not support its license application with certifications required under the Private Detective Act of 1953, 22 P.S. §§ 11-30.  Because the Commonwealth failed to raise this issue before the trial court, it is waived. We, thus, affirm.

The trial court granted Mr. Hudson's Petition for a private detective's license on April 4, 2017.  On September 14, 2017, Mr. Hudson filed a Petition for a private detective license for Appellee.

_____

[*] Former Justice specially assigned to the Superior Court.

On May 8, 2018, the trial court held a hearing on Appellee's Petition.[1] The Commonwealth objected to the Petition, stating only: "Neither Mr. Hudson nor the corporate structure, the—the company name were qualified because they did not meet the qualifications . . . I would assume that, if he was not qualified, they would then transpose that onto the company name as well." N.T., 5/8/18, at 7-8. After emphasizing that Mr. Hudson did, indeed, have a valid private detective's license, the court stated, "I really can't see any reason not to grant the license for the agency if he already has a valid license for himself. All right, I'm going to grant it." *Id*. at 8. The prosecutor did not object or otherwise attempt to delineate the reasons underlying the general claim that Appellee did not qualify for the license. The Commonwealth did not seek reconsideration.

The Commonwealth timely appealed. The court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) Statement. The Commonwealth complied, raising for the first time the same question it now presents in its Brief:

> Did the lower court err in granting a private detective license to Stateagent, LLC, where the applicant failed to establish, by at

---

[1] At the May 8, 2018 hearing, the parties and the court noted that a hearing on the Petition had occurred in November 2017, but because Mr. Hudson failed to appear, the court dismissed the Petition without prejudice. *See* N.T., 5/8/18, at 4. However, immediately after that dismissal, Mr. Hudson re-filed the identical Petition, and the motions clerk relisted the matter. At the May 8th hearing, the court confirmed with Mr. Hudson that Appellee's new Petition was identical to the Petition filed September 14, 2017. The hearing then proceeded with no objection from the Commonwealth. *Id.* at 6-8.

least two duly acknowledged certificates, that it or at least one member of it has been regularly employed as a detective, or has been a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police or a member of a city police department of a rank or grade higher than that of patrolman, for a period of not less than three years?

Appellant's Brief at 4.

In its Brief, the Commonwealth contends that the lower court erred in granting the license to Appellee because Appellee "failed to demonstrate, by at least two duly acknowledged certificates, that it or at least one of its members had the requisite experience under the statute." *Id*. at 6. We conclude the Commonwealth waived this issue for, among other reasons, failing to preserve it before the trial court.

With a few exceptions, none of which is present in this case, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, an appellant may not raise an issue for the first time in a Rule 1925(b) Statement. *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa. Super. 2015).

Here, the Commonwealth avers that at the May 8, 2018 hearing, it "stated that it opposed the granting of [Appellee's] petition because [the petition] did not meet the qualifications required by the statute." Appellant's Br. at 5. We find that the Commonwealth waived the issue because it failed to raise it before the trial court.

Our review of the 8-page transcript from the May 8, 2018 hearing reveals that the Commonwealth did not mention the statute at all. *See* N.T.

- 3 -

at 5-8. In fact, the Commonwealth presented essentially no argument after the prosecutor stated that Appellee "[was] not qualified . . . because they did not meet the qualifications." ***Id***. at 7-8. The prosecutor did not expand on exactly what qualifications Appellee did not meet, did not mention the relevant statute at all, and provided absolutely no argument regarding the documents that were or were not annexed to Appellee's license application. The Commonwealth's general statement at the hearing, without more, did not preserve for appellate review the issue it now raises.[2] Accordingly, the issue is waived. Pa.R.A.P. 302(a).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2021

---

[2] The Commonwealth also argues that the court erred in granting Appellee's license because "Hudson's … [individual license] petition should have been denied because he failed to provide the proper certification of his criminal investigative background." Appellant's Br. at 10-11. This Court rejected that argument in resolving the Commonwealth's appeal from the Order granting Mr. Hudson's 2019 private detective license renewal. ***Commonwealth v. Hudson***, No. 2755 EDA 2019 (Pa. Super. filed Oct. 5, 2020). The argument, thus, provides no reason to reverse the trial court's order in this case.